UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CESAR OMAR SANDOVAL QUINTANA,<br><br>Petitioner,<br><br>v.<br><br>JOCELYN MERCEDES QUINTANA DOLORES, *et al.*,<br><br>Respondent. | Case No. 3:19-cv-00730-MMD-WGC<br><br>AMENDED ORDER[1] |

Petitioner Cesar Omar Sandoval Quintana, a citizen and resident of Peru, filed a petition and Verified Complaint against Respondent Jocelyn Mercedes Quintana Dolores under the Hague Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980, as implemented by the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001-9011. (ECF No. 1.) Petitioner seeks the return of his minor child, A.O.S.Q., to Peru, so that an ongoing custody dispute between Petitioner and Respondent may be resolved there. (*Id.*) In a prior order, the Court directed the United States Marshals Service to effect service on Respondent in Fallon, Nevada, and facilitate the transfer of custody of A.O.S.Q. to Petitioner pending the outcome of two expedited hearings set for the coming weeks (the "Order"). (ECF Nos. 8, 9 (corrected image).)

The United States Marshals Service then informed the Court they were unable to locate A.O.S.Q. or effect service on Respondent in Fallon, Nevada, but learned through the attempted service that Respondent and A.O.S.Q. may be found in California. To

---

[1]In the short time since the Court issued the original version of this order (ECF No. 11), the United States Marshals Service again contacted the Court with new information indicating Respondent may be found in Atwater, California. Therefore, the Court is amending this order to cover the entire state of California to allow the United States Marshals Service to effectuate the intent of the Order.

effectuate the intent of the Order, the Court will authorize the United States Marshals Service to take all reasonable measures to serve Respondent, locate A.O.S.Q., and transfer A.O.S.Q. to Petitioner's temporary physical custody pending the outcome of the hearings outlined in the Order.

It is therefore ordered that the United States Marshals Service will make reasonable efforts to serve Respondent with a copy of the Order anywhere in California as soon as practicable, along with a copy of the other pleadings filed by Petitioner in this case (ECF Nos. 1, 5), in an attempt to ensure Respondent's appearance at the upcoming hearings in Reno, Nevada. To execute this order, the United States Marshals Service may enlist the assistance of other law enforcement authorities, including the local police and any United States Marshals Service offices in California.

It is further ordered that the United States Marshals Service will attempt to locate and take physical custody of the 9-year old A.O.S.Q. in California solely for the purpose of transferring A.O.S.Q. to Petitioner's temporary physical custody. A.O.S.Q. will then remain in Petitioner's temporary custody pending the outcome of the PI Hearing, and at least until the PI Hearing.

It is further ordered that the Order remains in full force and effect at this time. Respondent is advised to review and comply with the Order.[2]

DATED THIS 13th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court had directed the Order be translated. (ECF No. 10.) The Court will also direct that this order be translated, but the Court advises Respondent that it may not be available until next week.

2